Case 4:22-cv-02542   Document 22   Filed on 08/02/23 in TXSD   Page 1 of 6

United States District Court
Southern District of Texas
**ENTERED**
August 02, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CRYSTAL MOORE, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. 4:22-CV-02542 |
| § | |
| THE STATE OF LOUISIANA, THE § | |
| CASEY FAMILY PROGRAM, GLORIA § | |
| COOPER, DOROTHY LEDOUX, and § | |
| ALICE DIANE JONES, § | |
| § | |
| Defendants. § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is a Motion to Dismiss filed by Defendant Casey Family Programs ("Casey"). (Dkt. 13). After considering the motion, response, reply, record, and applicable law, the Court finds the motion should be GRANTED.

## FACTUAL AND PROCEDURAL BACKGROUND

This case concerns claims of neglect and financial impropriety that occurred after Plaintiff Crystal Moore was placed in Louisiana's foster care system. Moore initially sued Casey, the State of Louisiana, Gloria Cooper, Dorothy Ledoux, and Alice Jones in the 269th Judicial District Court of Harris County, Texas, alleging (1) Medical, Physical, Emotional, and Educational Neglect, and (2) Mismanagement of Funds and Welfare of Listed Plaintiff. (Dkt. 1-2 at 3-7). Moore's Amended Petition revised the first claim as "Medical, Educational Neglect." (Dkt. 1-3 at 48-50).

For the purposes of the pending motion, Moore's allegations are accepted as true. Moore asserts that Cooper, Ledoux, and Jones ("the Individual Defendants") unlawfully removed her and her siblings from her family's home for the purposes of defrauding the state of Louisiana and Casey (which Moore described as an "adoption agency")[1] and controlling Moore and her siblings' inheritance. Moore further alleges that the state of Louisiana and Casey "failed to adequately supervise and monitor the care of [] Moore, whom was placed in several different schooling, group homes, and boarding schools without proper medical care." (Dkt. 1-3 at 48). According to Moore, a lack of proper medical treatment in her childhood caused her to develop keratoconus, a corneal disorder that causes decreased vision, eye redness, and pain, in adulthood.

After the state court dismissed the Individual Defendants, including the only non-diverse Defendant (Cooper), Casey removed the case to this Court. Casey then filed a motion to dismiss. (Dkt. 13). Casey's motion is considered below.

## LEGAL STANDARDS

Rule 8 of the Federal Rules of Civil Procedure requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A motion filed under Federal Rule of Civil Procedure 12(b)(6) tests a pleading's compliance with this requirement and is "appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim." *Ramming v. United*

---

[1] According to its website, Casey is "the nation's largest operating foundation focused on safely reducing the need for foster care in the United States." *About us*, CASEY FAMILY PROGRAMS, https://www.casey.org/who-we-are/about/. It is unclear what specific role Casey played in placing Moore and her siblings in foster care.

*States*, 281 F.3d 158, 161 (5th Cir. 2001). A complaint can be dismissed under Rule 12(b)(6) if its well-pleaded factual allegations, when taken as true and viewed in the light most favorable to the plaintiff, do not state a claim that is plausible on its face. *Amacker v. Renaissance Asset Mgmt., LLC*, 657 F.3d 252, 254 (5th Cir. 2011); *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). As the Fifth Circuit has further clarified:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. This includes the basic requirement that the facts plausibly establish each required element for each legal claim. However, a complaint is insufficient if it offers only labels and conclusions, or a formulaic recitation of the elements of a cause of action.

*Coleman v. Sweetin*, 745 F.3d 756, 763–64 (5th Cir. 2014) (quotation marks and citations omitted).

When considering a motion to dismiss under Rule 12(b)(6), the Court's review is limited to the complaint, any documents attached to the complaint, any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint, and matters subject to judicial notice under Federal Rule of Evidence 201. *Allen v. Vertafore, Inc.*, 28 F.4th 613, 616 (5th Cir. 2022); *George v. SI Group, Inc.*, 36 F.4th 611, 619 (5th Cir. 2022). If the plaintiff's allegations are contradicted by facts disclosed by a document attached to the complaint or by facts disclosed by a document attached to the motion to dismiss that is central to the claim and referenced by the complaint, then the plaintiff's contradicted allegations are not accepted as true. *Carter v. Target Corp.*, 541 Fed. App'x

413, 417 (5th Cir. 2013) (refusing to accept as true factual allegations that were contradicted by the plaintiff's EEOC charging documents, which the defendant had attached to its motion to dismiss).

## ANALYSIS

The Court now turns to the pending motion to dismiss. Casey argues that dismissal is warranted because (1) Moore's claims are conclusory and not cognizable under Texas law, and (2) Moore's claims are barred by the statute of limitations. (Dkt. 13 at 7-14). The Court agrees with Casey.

*Moore's "Medical, Educational Neglect" Claim*

The Court initially notes that Texas law does not provide a cause of action for "Medical, Educational Neglect." Nevertheless, complaints drafted by pro se litigants such as Moore are entitled to a liberal construction and, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted). Thus, the Court must determine whether Moore's allegations fall within another, cognizable cause of action.

The closest analogy under Texas law to Moore's "Medical, Educational Neglect" claim is a health care liability claim under Texas Civil Practice and Remedies Code Section 74.001(a)(13).[2] (Dkt. 13 at 7). Such claims can only be brought against health care

---

[2] The Court agrees with Casey's argument that Moore's "Medical, Educational Neglect" claim solely alleges neglect of Moore's medical needs, insofar as Moore's amended complaint does not otherwise allege neglect of her educational needs.

providers or physicians. *See Tex. W. Oaks Hosp. v. Williams*, 371 S.W.3d 171, 179–80 (Tex. 2012). Given that Casey is neither a health care provider nor a physician, the Court finds that a health care liability claim cannot stand against Casey. Thus, Casey is entitled to dismissal of Moore's "Medical, Educational Neglect" claim.

*Moore's "Mismanagement of Funds and Welfare" Claim*

The only allegation made against all Defendants under Moore's "Mismanagement of Funds and Welfare" claim is that her keratoconus could have been prevented "if the listed defendants would have given her . . . proper management of [Moore's] funds that were received from social security, the adoption agency The Casey Family Program, and her inheritance from her mother Sherlynn Moore." (Dkt. 1-3 at 49). The Court initially notes that this claim appears to merely expand upon Moore's "Medical Neglect" claim as opposed to presenting a separate cause of action. Nevertheless, reviewing Moore's "Mismanagement of Funds and Welfare" claim independently, the Court finds that Moore has failed to allege sufficient facts to state a cause of action for fraud or breach of fiduciary duty against Casey. Thus, Casey is entitled to dismissal of Moore's "Mismanagement of Funds and Welfare" claim.

*Statute of Limitations*

For the reasons discussed above, the Court finds that Moore's amended complaint fails to state a claim against Casey. The Court further agrees with Casey's alternative argument that Moore's claims, even if they met the federal pleading standards, are time-barred.

Given that Moore was born in 1982, she has not been involved in the foster care system for over twenty years. (Dkt. 1-2 at 60). Furthermore, Moore asserts that she was born with keratoconus, and she provided evidence to the state court that she requested medical records from Casey as early as 2012. (Dkt. 1-2 at 57). Whether Moore's claims are grounded in negligence, breach of fiduciary duty, or fraud, the limitations period has long since expired. *See* Tex. Civ. Prac. & Rem. Code § 16.003(a) (two-year limitations period for negligence claims); § 16.004(a)(1-2) (four-year limitations period for fraud and breach of fiduciary duty claims).

In response to Casey's limitations argument, Moore argues that her claims are not untimely because she is "permanently disabled due to the neglect on behalf of the Casey Family Program." (Dkt. 14 at 1). While the Court is most sympathetic to Moore, permanent disability does not provide an exemption to the statute of limitations under the law. Moore has not pleaded another basis for equitable tolling, and the Court finds that no such basis applies here. Thus, Moore's claims against Casey are untimely and warrant dismissal on that independent basis.

## CONCLUSION

The Motion to Dismiss filed by Defendant Casey Family Programs (Dkt. 13) is **GRANTED**. Moore's claims are DISMISSED WITH PREJUDICE.

SIGNED at Houston, Texas, on August 2, 2023.

*George C. Hanks Jr.*
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE